IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID WILLIAMS,

    Plaintiff,

        v.

OFFICER ERIC BAKER, OFFICER
BRENDAN NEE, OFFICER NATHAN
AUVIL, and STEPHEN MATAKOVICH,

    Defendants.

15cv0402
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER**
**RE: DEFENDANTS' MOTIONS *IN LIMINE* (doc. nos. 76, 78, 80, 82, 85, 87, 89)**

Plaintiff brought this civil rights lawsuit seeking damages for false arrest, false imprisonment, and malicious prosecution. Presently before the Court are seven remaining Motions *in Limine* filed by Defendants (doc. nos. 76, 78, 80, 82, 85, 87, 89)[1], and ten Motions *in Limine* filed by Plaintiff (doc. nos. 92, 93, 94, 95, 96, 97, 98, 99, 100, 101). Plaintiff has filed Responses to Defendants' Motions and Defendants have filed Responses to Plaintiff's Motions.

The Court will address each of Defendants' seven remaining Motions *in Limine* below and will address Plaintiff's ten Motions *in Limine* by way of a separate Memorandum Order:

**DEFENDANTS' SEVEN REMAINING MOTIONS *IN LIMINE***

**1. Defendants' Motion to Exclude Disciplinary and Complaint History (Defendant's Motion, doc. no. 76; Plaintiff's Response, doc. no. 149)**

Defendants anticipate that Plaintiff will want to ask the Defendant police officers if they have ever been subject to discipline or other citizen complaints prior to the date of the event

---

[1] Defendants' Motion *in Limine* to Exclude Plaintiff's Expert (doc no. 74) was granted by way of a separate Memorandum Order of Court. See doc. no. 148.

which is the subject of this lawsuit. Plaintiff filed a notice indicating that he did not wish to contest this Motion. Doc. no. 149.

The issue(s) raised by this Motion are governed by F.R.E. 404(b). Specifically, Defendants contend that it would be highly prejudicial if counsel for Plaintiff were to ask the Defendants whether they had been disciplined or the subject(s) of citizens' complaints prior to the September 1, 2014 incident. The Court concurs with Defendant on this matter.

F.R.E. 404(b)(1) indicates that evidence of a crime or wrong or other act is not admissible to demonstrate a person's character and then prove that a person acted in accordance with that character trait. None of the exceptions set forth in 404(b)(2) apply. The Court also notes that Plaintiff does not contest this Motion.

For all of these reasons, the Court will **grant** the Defendants' Motion in Limine (**doc. no. 76**).

**2. Defendants' Motion to Exclude Witnesses Patton, Terrana, and Monkelis (Defendant's Motion, doc. no. 78; Plaintiff's Response, doc. no. 117)**

In this Motion, Defendants argue that three witnesses listed by Plaintiff (Ryan Patton, Christopher Terrana, and Jim Monkelis) have no "relevant first[-]hand knowledge of the events surrounding Plaintiff's arrest," and suggest that their testimony is solely being used by Plaintiff to proffer improper character testimony. Defendants therefore request that their testimony be precluded. Plaintiff counters by arguing that within his claim for malicious prosecution, he seeks an element of damage in the form of damage to his reputation.

The Court begins by noting that in Pennsylvania, in a malicious prosecution action, compensatory damages may include harm to reputation, mental anguish, humiliation, and injury to feelings. *Wecht v. PG Pub. Co.*, 725 A.2d 788, 789 (Pa. Super. 1999), *alloc. den.*, *Wecht v. P.G. Pub. Co.*, 743 A.2d 922 (1999). Pennsylvania case law does not require a plaintiff to

present evidence of others' loss of esteem for the plaintiff in order to prove damage to the plaintiff's reputation. *See Joseph v. Scranton Times, L.P.*, 959 A.2d 322, 345 (2008) (holding in a defamation case, the trial court did not commit error by awarding damage for harm to reputation to the plaintiff which were based solely on the plaintiff's and his families' testimony); *Wilson v. Benjamin*, 481 A.2d 328, 333 (1981) (the plaintiff in a defamation action may also present testimony concerning his loss of reputation).

In the instant matter, Plaintiff will undoubtedly testify as to any alleged damage to his own reputation. However, Plaintiff in this case also wants to offer evidence of damage to his reputation through three specific community members: (1) Ryan Patton, who was Plaintiff's squad leader and platoon sergeant in Iraq; (2) Christopher Terrana, who was Plaintiff's supervisor at the Pennsylvania State Police; and (3) Jim Monkelis, a fellow state trooper. Plaintiff contends that Messrs. Patton and Terrana will testify as to the nature of Plaintiff's reputation prior to his arrest on September 1, 2014, while Mr. Monkelis will testify as to Plaintiff's emotional state following his arrest.

Given the elements of damage available to Plaintiff in his malicious prosecution claim – namely harm to reputation, mental anguish, humiliation, and injury to feelings – the Court finds the testimony of each of these three individuals to be relevant under F.R.E. 401. Defendants' objection to this testimony under F.R.E. 404 pertaining to impermissible character evidence is overruled, again, given the elements of damage available to Plaintiff in his malicious prosecution claim.

Accordingly, the Court will **deny** Defendants' Motion *in Limine* (**doc. no. 78**) and will allow each of the three witnesses to testify as follows: Messrs. Patton and Terrana may testify as to Plaintiff's reputation prior to his arrest on September 1, 2014. Mr. Monkelis may testify as

to his own personal observations concerning Plaintiff's emotional and physical state following his arrest on September 1, 2014. However, Mr. Monkelis is precluded from offering any psychological opinion regarding Plaintiff. He is not an expert witness and will not be permitted to testify as such.

### 3. Defendants' Motion to Exclude Exoneration Letter (Defendant's Motion, doc. no. 80; Plaintiff's Response, doc. no. 112)

Defendants object to Plaintiff's use of an "exoneration" letter dated November 19, 2014. The Court has reviewed the Exhibit List (doc. no. 139) and the errata to the Exhibit List filed at doc. no. 144. The Court notes that Plaintiff has <u>not</u> listed this "exoneration" letter dated November 19, 2014 on the Exhibit List, but presumably, based on his Response to Defendant's Motion which indicates that he had placed it on the Exhibit List, this was an oversight, and he wants to present the letter to the jury.[2]

The document at issue is an internal department correspondence from Captain Stephen K. Eberly, the commanding officer of Troop A, Greensburg, Pennsylvania State Police, to Trooper David Williams at Western Interdiction Unit of the Bureau of Criminal Investigation for the Pennsylvania State Police. This correspondence notes that an administrative investigation surrounding Plaintiff's September 1, 2014 arrest was conducted by Corporal Maitland. The correspondence states, *inter alia,* that after reviewing the investigative report and the surveillance video footage of the event, the various violations of "Title 18 [were] unfounded."

---

[2] The Court will order the Parties to file a Second Amended Exhibit List by April 4, 2016, with updated Trial Exhibit notebooks. The Second Amended Exhibit List must eliminate any document(s) that are excluded from evidence based upon this Order. The Second Amended Exhibit List should also contain the <u>specific</u> objection (if any) remaining to a specific exhibit and the response to that objection by the opposing party. It is insufficient from this Court's perspective to merely state that a party "disputes" an exhibit, which forces the Court to guess as to the nature of the objection and the response to said objection.

4

Plaintiff argues that this document is being offered to establish: (1) how Plaintiff became aware that the Pennsylvania State Police investigation against him had concluded, and (2) that Plaintiff would be permitted to resume his full duties with the Pennsylvania State Police. Plaintiff claims that if the letter is excluded and he is only allowed to testify that the investigation concluded in his favor, Plaintiff will be "highly prejudiced" because the jury will be likely to draw "negative . . . unfounded inferences" against Plaintiff.

This Court acknowledges that portions of the letter are relevant. Accordingly, this matter is governed by F.R.E. 403, where this Court must determine whether its probative value is outweighed by the prejudice it may cause. The Court finds that most of the letter is not only relevant but probative of the fact that an administrative investigation was conducted by the Pennsylvania State Police into the charges that were brought against Plaintiff by Defendants. However, paragraph number "2" is more prejudicial than probative and must be redacted, should Plaintiff want to use the entire document. The Court also notes that Capt. Eberly is not listed as a witness on either party's witness list, and the opinions expressed by Capt. Eberly in paragraph "2" are inadmissible.

Accordingly, the Court will **grant in part and deny in part** Defendants' Motion *in Limine* (**doc. no. 80**) to Exclude the Exoneration Letter as follows:

The Motion *in limine* is **granted** to the extent that paragraph "2" must be redacted if the document is offered into evidence. The Motion *in limine* is also granted to bar Capt. Eberly – or anyone else – from testifying as to the opinions set forth in paragraph "2."

On the other hand, the Motion is **denied** to the extent that Plaintiff may offer the redacted document into evidence as indicated above, and he, or Mr. Eberly, or any other witness with first-hand knowledge on the parties' witness lists, may testify that: (1) the Pennsylvania State

Plaintiff argues that this document is being offered to establish: (1) how Plaintiff became aware that the Pennsylvania State Police investigation against him had concluded, and (2) that Plaintiff would be permitted to resume his full duties with the Pennsylvania State Police. Plaintiff claims that if the letter is excluded and he is only allowed to testify that the investigation concluded in his favor, Plaintiff will be "highly prejudiced" because the jury will be likely to draw "negative . . . unfounded inferences" against Plaintiff.

This Court acknowledges that portions of the letter are relevant. Accordingly, this matter is governed by F.R.E. 403, where this Court must determine whether its probative value is outweighed by the prejudice it may cause. The Court finds that most of the letter is not only relevant but probative of the fact that an administrative investigation was conducted by the Pennsylvania State Police into the charges that were brought against Plaintiff by Defendants. However, paragraph number "2" is more prejudicial than probative and must be redacted, should Plaintiff want to use the entire document. The Court also notes that Capt. Eberly is not listed as a witness on either party's witness list, and the opinions expressed by Capt. Eberly in paragraph "2" are inadmissible.

Accordingly, the Court will **grant in part and deny in part** Defendants' Motion *in Limine* (**doc. no. 80**) to Exclude the Exoneration Letter as follows:

The Motion *in limine* is **granted** to the extent that paragraph "2" must be redacted if the document is offered into evidence. The Motion *in limine* is also granted to bar Capt. Eberly – or anyone else – from testifying as to the opinions set forth in paragraph "2."

On the other hand, the Motion is **denied** to the extent that Plaintiff may offer the redacted document into evidence as indicated above, and he, or Mr. Eberly, or any other witness with first-hand knowledge on the parties' witness lists, may testify that: (1) the Pennsylvania State

Police conducted an administrative investigation relating to the charges brought by Defendants against Plaintiff arising out of the September 1, 2014 incident; and (2) when the investigator concluded his investigation, he issued a report dated November 19, 2014, which indicated that his investigation was complete, and that "no further action [would] be taken" against Plaintiff.

4. **Defendants' Motion to Preclude any Argument that [Plaintiff's] Arrest will Affect [His] Ability to Testify [as a Pennsylvania State Trooper] (Defendants' Motion, doc. no. 82; Plaintiff's Response, doc. no. 123)**

Defendants filed this Motion *in Limine* attempting to preclude Plaintiff from arguing that he will be unable to testify as a police officer in future legal cases due to his arrest on September 1, 2014. Plaintiff claims that Defendants' concern mischaracterizes the nature of the testimony Plaintiff will adduce at trial. Plaintiff claims that every time he is required to testify in a criminal prosecution, he will need to disclose his September 1, 2014 arrest and felony charges to the prosecutor or expose himself to "an ambush" during cross-examination.

The Court will **grant in part and deny in part** Defendants' Motion *in Limine* (**doc. no. 82**) to Exclude any Argument that Arrest will Affect Ability to Testify as follows:

The Motion will be granted to the extent that Plaintiff attempts to argue that he will be precluded from testifying in future legal cases due to his arrest on September 1, 2014. However, the Motion will be denied to the extent that Plaintiff will be allowed to use this testimony (*i.e.*, having to disclose his September 1, 2014 arrest to the prosecution and (possibly) juries in criminal cases) to prove the damage elements of harm to reputation, mental anguish, humiliation, and injury to feelings in his malicious prosecution claim.

5. **Defendants' Motion to Exclude Text Messages (Defendants' Motion, doc. no. 85; Plaintiff's Response, doc. no. 149)**

Defendants filed this Motion indicating that they objected to Plaintiff's use of "text messages of Brendan Nee," indicating that these text messages were set forth on Plaintiff's

6

Exhibit List.  Again, as noted above, the Exhibit List provided to the Court at doc. no. 139 and the Errata to the Exhibit List contain no such exhibit(s), and thus, the Court concludes that this may have been yet another oversight on the part of Plaintiff.  However, the Court notes that Plaintiff filed a Notice indicating that he did not contest this particular Motion *in Limine*.  As noted, in light of this and other discrepancies between the Motions *in Limine* and the Exhibit List, the Court will be ordering the Parties to file a Second Amended Exhibit List.  See fn. 2, above.

To close this particular issue – whether the text messages of Brendan Nee are admissible – the Court finds that this evidence will not be permitted at trial.  As explained by Defendants, these messages relate to: (1) an inquiry made by Defendant Nee (of the City of Pittsburgh Police Department), as to whether "an OMI investigation" was conducted regarding Plaintiff's arrest; (2) the instant lawsuit; and (3) Plaintiff's absence from Defendant Nee's deposition.   Without seeing the text message documents first-hand (they were not attached to the Motion or Brief in Support of the Motion), the Court defers to the Defendants' assertion (and Plaintiff's "no contest" Response) that these documents are not relevant under F.R.E. 401 and/or more prejudicial than probative under F.R.E. 403.

Accordingly, the Court will **grant** this Motion *in Limine* (**doc. no. 85**).

6. **Defendants' Motion to Exclude Media Reports (Defendants' Motion, doc. no. 87; Plaintiff's Response, doc. no. 120)**

Defendants seek to exclude fifteen news articles that Plaintiff listed on his Pretrial statement relating to the September 1, 2014 incident.  These documents are listed on the Exhibit List as "P-3" through "P-17".  Defendants claim these articles are precluded by: (1) F.R.E. 403 as being unfairly prejudicial, (2) F.R.E.  901 for lack of authentication, and (3) F.R.E. 801 as hearsay.  Defendants also argue that the fifteen articles (exhibit nos. P-3 through P-17) should be

excluded as unnecessarily cumulative evidence. Plaintiff counters that these same articles are relevant because they support his burden of proving harm to his reputation and (possibly) his other elements of damage.

The Court finds that these articles are admissible under F.R.E. 403. Their probative value with regard to alleged harm to Plaintiff's reputation outweighs any prejudice. These documents are not hearsay, as they are not being offered for the truth of their contents – they are being offered to show that Plaintiff was mentioned in, or was the subject of, fifteen news articles concerning the incident that took place on September 1, 2014. The fact that information was published – whether that information was true or not true – purportedly caused harm to Plaintiff's reputation and purportedly caused him to suffer mental anguish, humiliation, and injury to feelings.

For these reasons, the Court will **deny** Defendants' Motion *in Limine* (**doc. no. 87**) to Exclude Media Reports. These reports, however, may be offered solely for the purpose of showing that news articles were published about the September 1, 2104 incident, which, in turn, may have caused Plaintiff damage. These reports may not be offered to prove the truth of the matters asserted therein. A limiting jury instruction as to this evidence <u>may</u> be necessary. The Court will consider issuing such a jury instruction upon the proffer of (some or all) Exhibits numbered P-3 through P-17. If any Party believes he needs a limiting instruction, said proposed instruction should be filed with the Court by April 4, 2016, after consultation with opposing counsel.

7. **Defendants' Motion to Exclude Matakovich Arrest and Termination (Defendants' Motion, doc. no. 89; Plaintiff's Response, doc. no. 109)**

Defendants seek to preclude any evidence pertaining to the recent arrest and termination of Defendant Matakovich pursuant to F.R.E. 404(b), 608 and 609. Plaintiff counters that

Defendant Matakovich was the "mastermind behind the scheme to file false criminal charges" against Plaintiff. Notably, Plaintiff provided excerpts from Defendant Matakovich's deposition testimony which tend to show that Defendant Matakovich orchestrated the events that led to the allegedly false charges. Plaintiff argues that this case is "virtually identical" to the "most recent incident involving Defendant Matakovich which led to his arrest and termination, and thus claims his arrest and termination are admissible under F.R.E. 404(b)(2). The Court disagrees with Plaintiff.

The Court finds the evidence of Defendant Matakovich's recent arrest and termination far more prejudicial than probative. Incidentally, this Court does not agree that the facts of this case and/or the involvement of Defendant Matakovich in this case are akin to the facts of the case or Matakovich's involvement in the case which caused him to be arrested and terminated from the Pittsburgh Police Department.

Accordingly, this Court will **grant** Defendants' Motion *in Limine* (**doc. no. 89**) to Exclude Defendant Matakovich's Arrest and Termination.

**ORDER**

1. Defendants' Motion in Limine to Exclude Disciplinary and Complaint History (doc. no. 76), is **GRANTED**.

2. Defendants' Motion *in Limine* to Exclude Witnesses Patton, Terrana, and Monkelis (doc. no. 78), is **DENIED**.

3. Defendants' Motion *in Limine* to Exclude Exoneration Letter (doc. no. 80), is **GRANTED IN PART AND DENIED IN PART** as described in detail above.

4. Defendants' Motion *in Limine* to Preclude any Argument that [Plaintiff's] Arrest will Affect [His] Ability to Testify [as a Pennsylvania State Trooper] (doc no. 82), is **GRANTED IN PART AND DENIED IN PART** as described in detail above.

5. Defendants' Motion *in Limine* to Exclude Text Messages (doc. no. 85) is **GRANTED**.

6. Defendants' Motion *in Limine* to Exclude Media Reports [Plaintiff's exhibits numbered P-3 through P-17] (doc. no. 87) is **DENIED**.

7. Defendants' Motion *in Limine* to Exclude Matakovich Arrest and Termination (doc. no. 89) is **GRANTED**.

SO ORDERED, this 31st day of March,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: ECF registered counsel of record