IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID WILLIAMS,

    Plaintiff,

    v.

OFFICER ERIC BAKER, OFFICER
BRENDAN NEE, OFFICER NATHAN
AUVIL, and STEPHEN MATAKOVICH,

    Defendants.

15cv0402
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER

Plaintiff brought this civil rights lawsuit seeking damages for false arrest, false imprisonment, and malicious prosecution. Presently before the Court are ten Motions *in Limine* filed by Plaintiff. Doc. nos. 92, 93, 94, 95, 96, 97, 98, 99, 100, 101.[1] Defendants have filed Responses to each of Plaintiff's Motions.

The Court will address each of Plaintiff's ten Motions *in Limine* below:

### PLAINTIFF'S TEN MOTIONS *IN LIMINE*

**1. Plaintiff's Motion to Preclude Defendants from Offering Evidence and/or Argument that Defendants Withdrew Charges Against Plaintiff in Exchange for a Promise not to Sue (Plaintiff's Motion, doc. no. 92; Defendants' Response, doc. nos. 105-106)**

Plaintiff contends that Defendants plan to present evidence and/or argument that Defendants withdrew the criminal charges against Plaintiff in the underlying matter in exchange for Plaintiff's promise not to sue Defendants. Plaintiff argues that this sort of evidence is inadmissible based upon relevant case law.

---

[1] Defendants' Motion *in Limine* to Exclude Plaintiff's Expert (doc no. 74) was granted by way of a separate Memorandum Order of Court dated March 31, 2016. See doc. no. 148. Defendants' seven remaining Motions *in Limine* (doc. nos. 76, 78, 80, 82, 85, 87, 89) were also decided in a separate Memorandum Order dated March 31, 2016. See doc. no. 150.

Defendants counter that they do not intend to argue that the Parties reached an agreement whereby Plaintiff agreed not to sue Defendants if Defendants would withdraw the underlying criminal charges against Plaintiff. However, Defendants anticipate presenting evidence to show that Plaintiff proposed such an agreement and Defendants refused to agree to Plaintiff's terms. Per Defendants, this evidence will consist of: (1) "witness testimony that Plaintiff and his wife reached out to City of Pittsburgh Police Officer Robert Valvo to explain the [e]ffects of [Plaintiff's] arrest on his job and family"; (2) statements made by Plaintiff whereby he "stated that any reduction of charges or agreement to community service would still result in the loss of his job with the State Police"; and (3) "witness testimony regarding statements by Plaintiff before, during, and after his arrest."

The United States Court of Appeals for the Third Circuit, in *dicta*, has noted that it is permissible for a person to waive his or her rights to sue for malicious prosecution in exchange for prosecution's agreement to withdraw any underlying criminal charges against that person. *See Hilfirty v. Shipman*, 91 F.3d 573 (3d Cir. 1996) (Hilfirty offered the "quid pro quo" or "consideration" of entry into an ARD program and waiving his rights to sue in exchange for the prosecution not bringing him to trial and *nolle processing* his common law wife and prosecution accepted these terms).

In the instant matter, no Party is arguing that an agreement was reached between the prosecution and Plaintiff in the underlying criminal matter which would preclude Plaintiff from bringing this lawsuit, and/or Plaintiff's claim for malicious prosecution. Thus, the issued raised by Plaintiff in this particular Motion *in Limine* is moot.

Next, the Court will consider the evidence Defendants want to present which may relate to settlement proposals or a "quid pro quo" between the prosecution and Plaintiff in the

underlying criminal matter. Any "witness testimony" which repeats statements that Plaintiff or his wife purportedly made, will be subject to the Hearsay Rule (F.R.E. 801) and any applicable exclusion or exceptions to the Rule.

Accordingly, the Court will **deny as moot** Plaintiff's Motion to Preclude Defendants from Offering Evidence and/or Argument that Defendants Withdrew Charges Against Plaintiff in Exchange for a Promise not to Sue (**doc. no. 92**), but will defer ruling on "witness testimony" which purports to re-state statements made by Plaintiff and/or Plaintiff's wife until time of trial.

2. **Plaintiff's Motion to Preclude Defendants from Offering Evidence and/or Argument that the Plaintiff Damaged his Own Reputation by Publicity Related to the Filing of the Instant Lawsuit (Plaintiff's Motion, doc. no. 93; Defendants' Response doc. nos. 107, 108)**

Plaintiff's lawsuit contains a claim for malicious prosecution. Based on Pennsylvania substantive law, an element of damages recoverable in a successful malicious prosecution claim is harm to reputation. The instant Motion filed by Plaintiff seeks to prevent Defendants from arguing (or presenting evidence) that Plaintiff has damaged his own reputation by bringing this civil lawsuit.

Defendants counter that Plaintiff intends to present evidence of media coverage surrounding his arrest on September 1, 2014 in order to prove one or more elements of his damages. Indeed, this Court issued an Order (see doc. no. 150) denying Defendants' Motion to preclude Plaintiff from offering fifteen different news articles. Plaintiff will be permitted to present these news accounts to the jury to support his alleged damages.

However, Plaintiff's request to display some or all of the fifteen news accounts of Plaintiff's arrest to the jury is not the same as Defendants' request to offer evidence concerning media coverage of this civil lawsuit and the related pending trial to the jury. First, providing media coverage of this trial to the jury is unnecessary. The courtroom is open to the public and

there will, no doubt, be a bevy of news reporters whose presence in the courtroom is always observed by the jurors.

Second, the Court will be regularly instructing the jury that they are <u>not</u> permitted to consider any news coverage of this trial. Delivering this sort of instruction is part of this Court's customary and normal practice in every trial and this instruction is part of the Model Jury Instructions (jury instruction number 2.14) adopted by the United States Court of Appeals for the Third Circuit. Permitting the jurors in this case to review current media coverage of this matter while serving as a juror and receiving the instruction not to review media coverage will at best, lead to juror confusion, and at worst, potentially lead to a mistrial.

Third, the Court must weigh the chilling effect on future malicious prosecution plaintiffs if Defendants are permitted to "mitigate" their damages by affirmatively presenting evidence that the instant trial is garnering media attention, and then arguing that Plaintiff is continuing to damage his own reputation by bringing this civil lawsuit. As noted by the Court of Appeals for the Third Circuit, ". . . the right to file a malicious prosecution case is a deeply important one." *Hilfirty*, 91 F.3d at 583. The Defendants have adequate means to "mitigate" their damages through cross-examination of Plaintiff as to how the prior publicity surrounding his arrest (*i.e.,* the fifteen news articles at P-3 through P-17) affected him and/or his work/earning capacity.

In conclusion, the Court finds that under F.R.E. 403 the probative value of permitting Defendants to show the jury evidence of media coverage concerning this civil lawsuit (and then argue/suggest) that Plaintiff has damaged his own reputation by bringing this civil lawsuit, is far outweighed by: the prejudice to this Plaintiff, the confusion it will cause this jury, and the chilling/deterring effect such a decision could have on all future plaintiffs. Accordingly, the Court will **grant** Plaintiff's Motion (**doc. no. 93**).

4

3. **Plaintiff's Motion to Preclude the Defendants from Offering Evidence and/or Argument that the Criminal Charges Brought Against the Plaintiff Resulted from Him Interfering With Defendant's Attempt to Handcuff a Suspect (Plaintiff's Motion, doc. no. 94; Defendants' Response doc. nos. 110, 111)**

In this Motion, Plaintiff is attempting to preclude Defendants from offering evidence and/or arguing that Plaintiff's arrest and the criminal charges brought against him were due to his alleged interference with Defendant Baker's and possibly Defendant Auvil's attempt to handcuff a suspect.

Defendants admit that Defendant Baker's version of the night's events set forth in an investigative report he prepared do not "perfectly" match with what the surveillance video of the night's events depicts. However, Defendants contend that they should be permitted to explain the discrepancies. The Court concurs with Defendants.

The evidence, particularly the investigative report prepared by Defendant Baker and the surveillance video and any discrepancies between these two pieces of evidence, are both relevant (F.R.E. 401) and admissible (F.R.E. 402) to show what occurred between and among the Parties on the night in question. The jury – not this Court – must decide how much, if any, weight should be given to each of these two pieces of evidence, along with any testimony concerning these pieces of evidence and/or any discrepancies between these two pieces of evidence. For these reasons, the Court will **deny** this Motion (**doc. no. 94**).

4. **Plaintiff's Motion to Preclude Defendants From Offering Evidence and/or Arguing that Defendants Had Probable Cause to Charge Plaintiff With the Criminal Offense of Riot (Plaintiff's Motion doc. no. 95; Defendants' Response doc. nos. 113, 114)**

The basis for this Motion arises from Plaintiff's interpretation of: (1) the Pennsylvania statute governing the crime of "riot" as that offense is defined by 18 Pa.C.S.A. §5501, and (2) Defendant Baker's deposition testimony surrounding his decision to charge Plaintiff with the

crime of riot on the night in question. Defendants disagree with Plaintiff's interpretation of Section 5501 defining the crime of riot, and further argue that Defendants had probable cause to charge Plaintiff with that crime.

To some extent, this Motion, like the Motion immediately preceding this one (doc. no. 94), is rooted in an alleged discrepancy between Defendant Baker's report and/or deposition testimony and what is depicted in the surveillance video. If the jury believes Defendant Baker's version of what transpired that night, over what is depicted on the video, they may conclude that Plaintiff was properly charged; or alternatively, if the jury finds that the video more adequately depicts the night's events they may choose to hold Officer Baker accountable for wrongfully charging Plaintiff with the crime of riot. As noted above, it is for the jury to determine how much, if any, weight should be given to each of these two pieces of evidence, along with any testimony concerning these pieces of evidence and/or any discrepancies between these two pieces of evidence. For these reasons, the Court will **deny** this Motion (**doc. no. 95**).

5. **Plaintiff's Motion to Preclude Defendants from Offering Evidence and/or Arguing that Plaintiff by Filing Instant Litigation was "Ungrateful" in Response to Defendants Withdrawal of Charges Against Him (Plaintiff's Motion, doc. no. 96; Defendant's Response doc. nos. 115, 116)**

Plaintiff's Motion argues that Defendants plan to present evidence that Plaintiff was 'ungrateful' after the underlying criminal charges against him were withdrawn. Plaintiff does not point to any documentary evidence nor does he point to any deposition testimony where Plaintiff's lack of gratitude is noted or highlighted by Defendants.

Defendants counter Plaintiff's argument by claiming that they will not present any evidence that Plaintiff was "ungrateful" to them after they withdrew the criminal charges pending against Plaintiff. Defendants, however, admit that they do plan to present evidence and testimony related to the withdrawal of the criminal charges brought against Plaintiff as well as

6

the circumstances surrounding the withdrawal of the charges. This sort of evidence is certainly admissible.

Next, Defendants assert that they plan to present testimony regarding their understanding "that the whole matter was done and over with after the withdrawal" and "Plaintiff's statements to them after the charges were withdrawn." The Court is uncertain what is meant by "Plaintiff's statements to [Defendants]" as no deposition excerpts were provided nor description given. However, based solely on these submissions – Plaintiff's Motion and Defendants' Response – any statements made by Plaintiff to Defendants are admissible.

Finally, Defendants have indicated that they will testify as "to their feelings and reactions to the [instant] lawsuit being filed." The Court does not see how this evidence is relevant under F.R.E. 401. This evidence will not be permitted.

Based on the foregoing, the court will **grant in part and deny in part** the Motion (**doc. no. 96**) to Preclude Defendants from Offering Evidence and/or Arguing that Plaintiff by Filing Instant Litigation was "Ungrateful". The Motion is **granted** to the extent that the Defendants will not be permitted to testify as "to their feelings and reactions to the [instant] lawsuit being filed." This evidence is not relevant. The Motion will be **denied** so as to allow Defendants to: (1) present evidence and testimony related to the withdrawal of the criminal charges brought against Plaintiff as well as the circumstances surrounding the withdrawal of the charges; and (2) present evidence of any statements made by Plaintiff to Defendants.

6. **Plaintiff's Motion to Preclude Defendants From Offering Evidence and/or Arguing that Plaintiff Committed the Crime of Aggravated Assault on Defendant Baker (Plaintiff's Motion, doc. no. 97; Defendants' Response doc. nos. 118, 119)**

Plaintiff wishes to preclude Defendants from arguing or presenting evidence tending to prove that Plaintiff assaulted Defendant Baker on the night in question. It is undisputed that

7

Plaintiff was charged with aggravated assault based on the allegation that he struck Defendant Baker. Plaintiff notes that during Defendant Baker's deposition, he admitted that there were no facts in the Affidavit of Probable Cause which supported the criminal charge of aggravated assault against Defendant Baker.

Defendants concede that Defendant Baker made this admission during his deposition. Defendants also acknowledge that the video surveillance of the events of that night may or may not lead a jury to believe that Plaintiff assaulted anyone. However, Defendants argue that they are entitled to offer any evidence they may have to explain why the charge of aggravated assault was brought against Plaintiff. This Court agrees. Such evidence – if any – is both relevant and admissible. Therefore, the Court will **deny** Plaintiff's Motion (**doc. no. 97**).

    7. **Plaintiff's Motion to Preclude Defendants from Offering Testimony and/or Argument that they Possessed Probable Cause for Plaintiff's Arrest on the Basis of Facts Other than those Asserted in the Criminal Complaint (Plaintiff's Motion, doc. no. 98; Defendants' Response, doc. nos. 121, 122)**

In this Motion, Plaintiff claims that Defendants' pretrial statement (doc. no. 72) indicates that Defendants will offer testimony and/or argument that the surveillance video of the night in question provides a basis for Plaintiff's arrest. Plaintiff argues that any such evidence or argument should be precluded because the video did not form the basis of the probable cause which led to Plaintiff's arrest that evening. Rather, Plaintiff argues that it was Defendant Baker's decision to arrest Plaintiff and he made his decision to do so based on his personal observation of Plaintiff and based upon information relayed to him by others who were at the scene on the night in question – not the video recording.

Defendants argue that they must be permitted to argue that probable cause existed for the charges they filed on the night in question. The Court concurs with this general sentiment. Additionally, Defendants admit that there are some discrepancies between what was written by

8

Defendant Baker in the Criminal Complaint and what is depicted in the surveillance video, but argue that these discrepancies do not "negate probable cause." Again, the Court concurs with this sentiment.

However, it appears to this Court that Defendant Baker prepared his Affidavit of Probable Cause based (in part) upon his own memory of the events as they transpired on the night in question. He did not rely on the surveillance video when he prepared his report. Accordingly, evidence as to what Defendant Baker relied upon in creating his Affidavit of Probable Cause and/or the Criminal Complaint will be permitted, but he will be precluded from claiming that he relied upon the surveillance video at the time that he prepared these documents.

It is for the jury to decide whether the images depicted in the surveillance video support or contradict the statements made in the Affidavit of Probable Cause and/or the Criminal Complaint. Accordingly, the Court will **grant in part and deny in part** this Motion (doc. no. 98). The Motion will be **granted** so as to preclude Defendants from testifying or their counsel from arguing that statements set forth in the Affidavit of Probable Cause and/or the Criminal Complaint relied upon the surveillance video. The Motion will be **denied** in all other respects.

8. **Plaintiff's Motion to Preclude Defendants from Offering Evidence or Argument that the Criminal Charges were Withdrawn as a Courtesy to Plaintiff (Plaintiff's Motion, doc. no. 99; Defendants' Response, doc. nos. 124, 125)**

Plaintiff wants to preclude Defendants from asserting that they withdrew the underlying criminal charges against Plaintiff as a courtesy to him. Plaintiff argues that such an assertion is not relevant evidence to any issue in this case. Alternatively, Plaintiff argues that even if it is relevant, it is more prejudicial than probative under F.R.E. 403.

Defendants argue that their reasons for withdrawing the charges are highly relevant, and the evidence which supports their reasons is not more prejudicial as suggested by Plaintiff.

9

The Court begins by noting that the Parties agree that there was no agreement between Plaintiff and Defendants concerning a waiver of his malicious prosecution claim in exchange for Defendants' decision to withdraw the criminal charges pending against Plaintiff. (See the Court's more detailed discussion on this matter in section "1" above, relating to Plaintiff's Motion *in Limine* filed at doc. no. 92.)

Given the lack of agreement, the Court finds that any evidence concerning why Defendants chose to withdraw the criminal charges pending against Plaintiff is relevant. Accordingly, the Court will **deny** Plaintiff's Motion (**doc. no. 99**) and will allow Defendants to offer testimony and argument as to why the underlying criminal charges against Plaintiff were withdrawn.

9. **Plaintiff's Motion to Preclude Defendants from Offering Google Printout as Evidence at Trial (Plaintiff's Motion, doc. no. 100; Defendants' Response, doc. nos. 127, 128)**

Plaintiff next wants to preclude Defendants from offering a Google search printout (noted on the Exhibit List as D-1) because Plaintiff believes Defendants plan to use this document as evidence that Plaintiff, by bringing this lawsuit, re-energized the 2014 news cycle concerning the underlying criminal incident and thereby damaged his own reputation.

Defendants' Response indicates that Defendants want to show that the instant civil lawsuit has generated as many news articles as the underlying criminal lawsuit. Defendants believe they are entitled to present this evidence and argument. Defendants also argue that because Plaintiff claims his work has been adversely affected by the news coverage surrounding the underlying criminal case, they want to defend themselves by showing that this civil lawsuit is prolonging the awareness of the underlying criminal case.

First, the Court notes that it has already ruled that Defendants are precluded from offering evidence and/or arguing that Plaintiff damaged his own reputation by deciding to bring this civil lawsuit. (See the Court's more detailed discussion on this matter in section "2" above, relating to Plaintiff's Motion *in Limine* filed at doc. no. 93.)

Second, even if the civil lawsuit has revived the media's interest in the underlying matter, as Defendants suggest, Defendants may not claim or assert that this revitalization is Plaintiff's fault. Again, Plaintiff is not responsible for the damage to his own reputation caused by the underlying criminal lawsuit which served as a catalyst for the instant civil lawsuit.

For these reasons, and those set forth in section "2" above, the Court will **grant** this Motion (**doc. no. 100**).

### 10. Plaintiff's Motion to Preclude Testimony or Other Evidence Regarding Events Alleged to Have Occurred During the Wedding Reception (Plaintiff's Motion, doc. no. 101; Defendants' Response, doc. nos. 132, 133)

In this Motion, Plaintiff seeks an Order precluding Defendants from discussing the events which transpired on the Gateway Clipper and which eventually led to the altercation between the groom, his groomsman, and a third party. Plaintiff, the groom's brother, was not present during the altercation, and only arrived on the scene following the altercation – after the Defendants were present.

Defendants counter that this information helps to explain why Defendants were present that night and "how it played into their dealings and charging Plaintiff."

The Court finds that the general information regarding why Defendants were present at the scene is relevant, *i.e.,* that Defendants were called to the scene because a physical altercation was occurring (or had occurred) among three men: the groom, his groomsman, and a third party. However, any evidence concerning any event which allegedly transpired on the Gateway Clipper

during the wedding reception, prior to Defendants' summons and involvement, will only serve to distract the jury from focusing solely on the claims and defenses to this lawsuit. This evidence is not relevant to Plaintiff's arrest and the charges brought against him.

Accordingly, the Court will **grant in part and deny in part** this Motion (**doc. no. 101**). The Motion will be granted so as to preclude Defendants from introducing testimony or evidence concerning the alleged events which transpired <u>prior to</u> the altercation among the groom, his groomsman, and a third party. The Motion will be **denied** in all other respects so as to enable general testimony or evidence to be presented indicating: (1) that an altercation occurred among the groom, his groomsman, and a third party; and (2) how, why, and when Defendants were summoned to the scene of the altercation.

**ORDER**

1. Plaintiff's Motion *in Limine* to Preclude Defendants from Offering Evidence and/or Argument that Defendants Withdrew Charges Against Plaintiff in Exchange for a Promise not to Sue (doc. no. 92) is **DENIED AS MOOT**.

2. Plaintiff's Motion *in Limine* to Preclude Defendants from Offering Evidence and/or Argument that the Plaintiff Damaged his Own Reputation by Publicity Related to the Filing of the Instant Lawsuit (doc. no. 93) is **GRANTED**.

3. Plaintiff's Motion *in Limine* to Preclude Defendants from Offering Evidence and/or Argument that the Criminal Charges Brought Against the Plaintiff Resulted from Him Interfering With Defendant's Attempt to Handcuff a Suspect (doc. no. 94) is **DENIED**.

4. Plaintiff's Motion *in Limine* to Preclude Defendants from Offering Evidence and/or Argument that Defendants Had Probable Cause to Charge Plaintiff With the Criminal Offense of Riot (doc. no. 95) is **DENIED**.

5. Plaintiff's Motion *in Limine* to Preclude Defendants from Offering Evidence and/or Argument that Plaintiff by Filing Instant Litigation was "Ungrateful" in Response to Defendants Withdrawal of Charges Against Him (doc. no. 96) is **GRANTED IN PART AND DENIED IN PART** as described in detail above.

6. Plaintiff's Motion *in Limine* to Preclude Defendants from Offering Evidence and/or Argument that Plaintiff Committed the Crime of Aggravated Assault on Defendant Baker (doc. no. 97) is **DENIED**.

7. Plaintiff's Motion in Limine to Preclude Defendants from Offering Evidence and/or Argument that they Possessed Probable Cause for Plaintiff's Arrest on the Basis of Facts Other than those Asserted in the Criminal Complaint (doc. no. 98) is **GRANTED IN PART AND DENIED IN PART** as described in detail above.

8. Plaintiff's Motion *in Limine* to Preclude Defendants from Offering Evidence or Argument that the Criminal Charges were Withdrawn as a Courtesy to Plaintiff (doc. no. 99) is **DENIED**.

9. Plaintiff's Motion *in Limine* to Preclude Defendants from Offering Google Printout as Evidence at Trial (doc. no. 100) is **GRANTED**.

10. Plaintiff's Motion to Preclude Testimony or Other Evidence Regarding Events Alleged to Have Occurred During the Wedding Reception (doc.no. 101) is **GRANTED IN PART AND DENIED IN PART** as described in detail above.

SO ORDERED, this 1st day of April,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: ECF registered counsel of record