IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID WILLIAMS,

          Plaintiff,                      15cv0402
                                      **ELECTRONICALLY FILED**

          v.

OFFICER ERIC BAKER, OFFICER
BRENDAN NEE, OFFICER NATHAN
AUVIL, and STEPHEN MATAKOVICH,

          Defendants.

**MEMORANDUM ORDER**

Before the Court are Objections filed by the Parties to the Verdict Slip and both sets of the Court's Proposed Final Jury Instructions. The Objections are as follows: Defendants' Objection to the Verdict Slip (doc. no. 175), Defendants' Objection to the Final Jury Instructions on Liability (doc. no. 176), Plaintiff's Objections to the Final Jury Instructions on Liability (doc. no. 181), and Plaintiff's Objections to the Final Jury Instructions on Damages (doc. no. 182). The Court will address the Objections in the Order in which they were filed.

**1. Defendants' Objection to the Verdict Slip (doc. no. 175)**

The Verdict Slip submitted by the Parties (doc. no. 158) indicated that the first question to be answered was whether Plaintiff proved by a preponderance of the evidence that he was subject to false arrest. The parties disagreed as to what should happen if the jury found that Plaintiff had not met this burden. Specifically, the Parties stated:

> Note, the parties disagree as to whether the jury should proceed to the malicious prosecution claim in the event that the answer to Part A1 is "No". Defendants contend that if the jury answered no it means they found there was probable cause, and if so, there can be no malicious prosecution claim; plaintiff contends that a "NO" answer is not dispositive since the jury could find probable cause as to one criminal offense sufficient to defeat a false arrest claim, but not

have found probable cause for all of the charges, thereby preserving the malicious prosecution claim as to that charge or charges)(Attached as Plaintiff's proposed verdict slip in the event that the jury's answer to Part A1 is "NO"[.]

After receiving this Proposed Verdict form noting the dispute, the Court issued its own Verdict Slip and allowed the Parties to raise Objections. The Court's Verdict Form (doc. no. 163) asked the jury to determine if Plaintiff proved by a preponderance of the evidence that he was subject to false arrest by one or more of the Defendants. Regardless of how the jury decided the false arrest question, the jury was instructed in the Court's Verdict Form to next determine if Plaintiff proved by a preponderance of the evidence that he was subjected to a malicious prosecution. See doc. no. 163.

Defendants' Objection to the Court's Verdict Form argues that the jury should be instructed to skip the malicious prosecution question if the jury finds that Plaintiff failed to prove false arrest. See doc. no. 175. The Court continues to disagree with Defendants on this issue.

First, the Court notes that the case which Defendants claim "controls" this issue, *Kossler v. Crisanti*, 564 F.3d 181 (3d Cir. 2009), was a case of first impression on the issue of whether acquittal on at least one criminal charge constitutes a "favorable termination" for the purpose of a subsequent malicious prosecution claim, when the charge arose out of the same act for which the plaintiff was convicted on a different charge during the same criminal prosecution. These facts are not present in this case – Plaintiff was charged with several crimes all of which were withdrawn at the same time. So the main issue in the *Kossler* case is not present here.

Next, in order to bring a successful Section 1983 claim for malicious prosecution, Plaintiff will be required to establish:

(1) the defendant initiated a criminal proceeding;
(2) the criminal proceeding ended in his favor;
(3) the defendant initiated the proceeding without probable cause;

(4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and
(5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). In order to succeed on a claim for false arrest Plaintiff "must show that the arresting officer lacked probable cause to make the arrest." *Garcia v. County of Bucks*, 155 F.Supp. 2d 259, 265 (E.D. Pa. 2001) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)). "Probable cause exists when the totality of facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed an offense." *Id.*

A false arrest claim and malicious prosecution claim differ as explained by the United States Court of Appeals for the Third Circuit in *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007):

> Malicious prosecution differs from false arrest inasmuch as "[a] claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more." *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998); see also *Heck v. Humphrey*, 512 U.S. 477, 484, 114 S.Ct. 2364, 2371, 129 L.Ed.2d 383 (1994) ("[U]nlike the related cause of action for false arrest or imprisonment, [malicious prosecution] permits damages for confinement imposed pursuant to legal process."); *Montgomery*, 159 F.3d at 128-29 (Roth, J., dissenting) ("[A] false arrest claim, in which a person may have been illegally arrested even though guilty of the prosecuted offense, is very different from a malicious prosecution claim where the propriety of the prosecution itself depends on it being initiated with probable cause.").

> In *Wright*, 409 F.3d at 603-04, an appeal that involved section 1983 claims for both false arrest and malicious prosecution, we explained that under *Barna v. City of Perth Amboy* the plaintiff's claim of false arrest would fail because there was probable cause for her arrest for one of the offenses for which she had been arrested. We further concluded that the existence of probable cause with respect to one offense for which the plaintiff was arrested similarly "disposes of her malicious prosecution claims with respect to all of the charges brought against her." 409 F.3d at 604 (emphasis added). We explained that "[t]o prevail on [a malicious prosecution] claim, [the plaintiff] must show that the officers lacked probable cause to arrest her." *Id.*

However, in a footnote, the Court of Appeals for the Third Circuit stated:

> We observe that we adjudicated the issue relating to malicious prosecution in *Wright* in a single paragraph without citation of any precedent. This circumstance, however, does not diminish the precedential status of that case. We also observe that in light of the facts of that case, where the circumstances leading to the arrest and prosecution were totally intertwined, the result was reasonable because there the officers took their actions by the time of the arrest and thus before the prosecution. Here, however, Knorr's conduct was bifurcated in the sense that the agents first arrested Johnson and then, after the arrest, Knorr took steps by supplying information to Detective Dove that led to Johnson's prosecution. Indeed, in our opinion on the first appeal in this case, we took note of that point by indicating that Johnson argued "that he had stated a claim under a malicious prosecution theory, grounded not in the probation office confrontation, but in Knorr's statements about the incident made to Philadelphia police which led to [his] prosecution." *Johnson*, 130 Fed. Appx. at 554.

*Id.* at 82, n.9.

> After further discussion, the Court of Appeals concluded:

> . . . we do not understand *Wright* to establish legal precedent of such broad application that it would "insulate" law enforcement officers from liability for malicious prosecution in <u>all</u> cases in which they had probable cause for the arrest of the plaintiff on any one charge.

*Id.* at 83 (emphasis added).

Despite Defendants' argument that *Johnson v. Knorr* is distinguishable from this case, the Court disagrees. Plaintiff's version of the proposed verdict form asked the jury to consider each charge that was brought against each Defendant and determine if probable cause existed on a charge-by-charge basis. See doc. no. 158-1. Then, Plaintiff's proposed form requested that the jury consider – for any claim for which they did <u>not</u> find probable cause – whether there was a right to be free from malicious prosecution. The Court concurs that this proposal is the most accurate way to obtain a just verdict in this case. However, the Court found Plaintiff's Proposed Verdict Form on this issue (see doc. no. 158-1) quite confusing for a jury.

In light of Defendants' Objection and Plaintiff's Proposed Verdict Form (doc. no. 158-1) both of which suggest that Plaintiff can only move forward on a malicious prosecution claim against any Defendant for a claim where no probable cause existed, the Court will prepare a revised draft of the Verdict Form, and will file same contemporaneously with this Order. Accordingly, **Defendants' Objection on this issue is overruled in part and sustained in part**.

The Court overrules the Objection and declines to prepare a Verdict Form whereby the jury is directed to skip the malicious prosecution liability question in its entirety, if the jury finds that probable cause existed with respect to Plaintiff's false arrest claim. However, it is sustained to the extent that this Court will revise its current Verdict Form so that the jury must indicate for which charge(s) Plaintiff met his burden of proving a malicious prosecution. The Court finds that its version of the Jury Instructions relating to liability make it clear that the jury must find one or more of the Defendants <u>lacked</u> probable cause to arrest Plaintiff in order for Plaintiff to prevail on his claim for false arrest (and the verdict form asks for the specific identity of the person(s) who are liable for the false arrest). Simultaneously, the Court's version of the Jury Instructions relating to liability also explicitly state that the jury must find one or more of the Defendants lacked probable cause to initiate the legal proceeding against Plaintiff (and the verdict form asks for the specific charge(s) which was/were maliciously prosecuted as well as the specific identity of the person(s) who are liable for the malicious prosecution).

2. **Defendants' Objection to the Final Jury Instructions on Liability (doc. no. 176)**

Defendants have objected to the Court's decision to exclude two of their proposed additional instructions. Defendants' first proposed, but omitted, instruction would read: "If Defendant Baker can prove that probable cause existed for any one of the charges filed against

Plaintiff, then you must enter judgment in favor of Defendant Baker on Plaintiff's claims of false arrest and malicious prosecution." The Court disagrees that this instruction should be given.

As noted above, and in the case law referenced above, each charge is to be separately considered and the jury must determine whether probable cause existed for each separate charge when determining whether Plaintiff met his burden of proof in a malicious prosecution claim. For this reason, the **Court overrules Defendants' Objection**.

Defendants' second proposed, but omitted, instruction would read: "The criminal charges must have been disposed of in a manner that indicates the innocence of the accused to satisfy the favorable termination element of a malicious prosecution claim." The Court agrees that this limited instruction should be given and will revise its Final Jury Instructions to reflect this.[1]

The United States Court of Appeals for the Third Circuit has held that while "a grant of *nolle prosequi* can be sufficient to satisfy the favorable termination requirement for malicious prosecution, not all cases where the prosecutor abandons criminal charges are considered to have terminated favorably." *See DiFronzo v. Chiovero*, 406 Fed. Appx. 605, 609 (3d Cir. 2011) *citing Hilfirty v. Shipman*, 91 F.3d 573, 579–580 (3d Cir. 1996). The Court of Appeals in *DiFronzo* further explained:

> A *nol pros* signifies termination of charges in favor of the accused "only when their final disposition is such as to indicate the innocence of the accused." *Donahue*, 280 F.3d 371, 383 (3d Cir. 2002) (quoting Restatement (Second) of Torts: Indecisive Termination of Proceedings § 660, cmt. a). Accordingly, in *Hector v. Watt*, 235 F.3d 154, 156 (3d Cir.2000), we stated that a § 1983

---

[1] Defendants originally proposed an instruction which read: "Malicious Prosecution – Favorable Termination The criminal charges must have been disposed of in a manner that indicates the innocence of the accused to satisfy the favorable termination element of a malicious prosecution claim. Source: Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir. 2009); See also Donahue v. Gavin, 280 F.3d 371, 383 (3d Cir. 2002) (citing Restatement (Second) of Torts §§ 659 & 660 (1976)); see also Hilfirty v. Shipman, 91 F.3d 573, 575 (3d Cir. 1996). If you find that the Defendant Baker withdrew the charges as a favor to Plaintiff so he would not lose his job, then you must find that the charges were not terminated in a manner that indicated innocence." See doc. no. 135.

malicious prosecution plaintiff "must be innocent of the crime charged in the underlying prosecution." *Id*.

406 Fed. Appx. 605 at 609.

In this case, evidence will be presented that all charges against Plaintiff were dropped, but they will have watched a video of the actual event itself, and have received ample testimony concerning the video depictions so as to determine whether the charges were dropped as a courtesy or because Plaintiff was innocent of those charges. Accordingly, **the Court sustains this Objection**.

### 3. Plaintiff's Objections to the Final Jury Instructions on Liability (doc. no 181)

Plaintiff first argues that the Court's Final Jury Instructions should not contain an instruction that it is his burden of proof to establish the lack of probable cause for both the false arrest claim and the malicious prosecution claim. The Court acknowledges that there is a split among the case law within this Circuit as to which party bears the burden of proving a lack of probable cause in a false arrest claim. In fact, the Model Jury Instructions identify the split. *See* Comment 4.12.2. In light of the difficulty a jury may well experience in distinguishing a false arrest claim from a malicious prosecution claim, the Court finds that the best approach is to have Plaintiff bear the burden of proof throughout all of these claims. Accordingly, **the Court overrules this Objection.**

Plaintiff next objects to the Court's omission of an instruction indicating that the jury could "infer malice from the absence of probable cause." See doc. no. 181. The Court does not need to instruct the jury in this regard and therefore, **overrules this specific and all remaining Objections raised by Plaintiff.**

**4. Plaintiff's Objections to the Final Jury Instructions on Damages (doc. no 182)**

The Court will sustain the first objection raised by Plaintiff and will delete the phrase on page one of the Jury Instructions on Damages: "Just because I am instructing you on how to award damages."

Plaintiff's other objection concerns mitigation. Plaintiff's suggests the Court omit the mitigation instruction because, per Plaintiff, Defendants will not be able to proffer any evidence to carry their burden of proof that: (1) that there was a means by which Plaintiff could mitigate any damages to which he is entitled for the harm caused by the defendants' conduct; and/or (2) that Plaintiff unreasonably failed to undertake such available mitigation. At this time, the Court will not omit the instruction. However, this matter may be raised again by Plaintiff following the close of the damages portion of the case outside the presence of the jury. Therefore, the Court **overrules this Objection without prejudice** to Plaintiff to re-raise the matter at the close of the damages portion of the case.


SO ORDERED, this 14th day of April,

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:    ECF registered counsel of record