IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID WILLIAMS,

        Plaintiff,

        v.

OFFICER ERIC BAKER, OFFICER
BRENDAN NEE, OFFICER NATHAN
AUVIL, and STEPHEN MATAKOVICH,

        Defendants.

15cv0402
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER**

Before the Court is Plaintiff's Motion for Reconsideration of the portion of the Court's prior Order (doc. no. 223) granting in part Defendants' Motion to Strike Deposition Excerpts. Doc. no. 239. The portion of the Court's prior Order which Plaintiff would like the Court to reconsider essentially precludes Plaintiff from offering deposition excerpts as substantive evidence at the time of trial. Defendants Baker, Nee, Auvil, and Matakovich filed Responses opposing the Motion for Reconsideration. Doc. nos. 242 and 243.

A proper motion for reconsideration under Rule 59(e) must rely on one of three grounds: (1) intervening change in controlling law; (2) availability of new evidence that was not available when the Court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999)).

A court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. *Pahler v. City of Wilkes Barre*, 207 F.Supp.2d 341, 355 (M.D. Pa. 2001); see also *Carroll v. Manning*, 414 Fed. Appx. 396, 398 (3d Cir. 2011)

1

(affirming denial of "motion for reconsideration and 'petition' in support thereof appears to merely reiterate the allegations made in the . . . petition and does not set forth any basis justifying reconsideration."); and *Grigorian v. Attorney General of U.S.*, 282 Fed. Appx. 180, 182 (3d Cir. 2008) (affirming denial of Motion to Reconsider because it "does nothing more than reiterate the arguments underlying his motion to reinstate the appeal.").

A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Rossi v. Schlarbaum*, 600 F.Supp.2d 650, 670 (E.D. Pa. 2009).

It appears that here, Plaintiff believes this Court has made a "clear error of law" and should reconsider its decision to preclude Plaintiff from proffering deposition excerpts at the time of trial. The Court disagrees.

The Court notes that most of the cases cited by Plaintiff in his Motion for Reconsideration and are not binding on this Court. Plaintiff cites to cases emanating from the United States Court of Appeals for the Tenth, Fourth, Fifth, and D.C. Circuits. The cases that Plaintiff cites which <u>do</u> emanate from the United States Court of Appeals for the Third Circuit are not on point with his argument. In fact, the Court of Appeals for the Third Circuit did not discuss the use of deposition testimony in lieu of live testimony in either *PPG Indus. V. Zurwain*, 52 Fed.App'x 570, 577 (3d Cir. 2002) and *State Farm Mut. Auto. Ins. Co. v. Lincow,* 444 Fed.App'x 617 (3d Cir. 2011). Moreover, some of the cases Plaintiff cited in his Motion

for Reconsideration were the same cases he cited in his Brief in Opposition to the Motion to Strike. As noted, these are the same arguments he raised in response to Defendants' Motion to Strike which led to the Court's prior Order (doc. no. 223).

Accordingly, Plaintiff's Motion for Reconsideration (doc. no. 239) is **DENIED** as it attempts to rehash and relitigate an issue this Court already decided.

/s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Counsel of Record

3