IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID WILLIAMS,

      Plaintiff,　　　　　　　　　　15cv0402
　　　　　　　　　　　　　　　　　　　　　　**ELECTRONICALLY FILED**

          v.

OFFICER ERIC BAKER, OFFICER
BRENDAN NEE, OFFICER NATHAN
AUVIL, and STEPHEN MATAKOVICH,

      Defendants.

## MEMORANUM ORDER OF COURT

AND NOW, this 12th day of April, 2017, the Court will grant in part and deny in part Defendant Matakovich's Supplemental Objections to the Court's Final Jury Instructions.[1] Doc. no. 246. Plaintiff filed a Response in Opposition to Defendant's Supplemental Objections. Doc. no. 250. This matter is now ripe for adjudication.

First, the Court previously deferred ruling on an objection made on behalf of Defendant Matakovich and all other Defendants when he was represented by Attorney Krepps. The Court's prior Order (doc. no. 215) reads in relevant part:

> . . . [T]he Court will DEFER RULING Defendants' singular Objection to the Court's Proposed Final Jury Instructions (doc. no. 210) with respect to Plaintiff's malicious prosecution claim.
>
> The Parties agree that all of the criminal charges Defendants filed against Plaintiff were withdrawn; however, the Exhibit List does not reference an exhibit indicating same.

---

[1] Defendant Matakovich was dismissed by Plaintiff during the course of the trial proceedings on April 12, 2017. Subsequent to his dismissal from this action, Defendant Matakovich's counsel moved to enter her appearance as co-counsel to the remaining Defendants. The Court granted counsel's Motion. Co-counsel for the remaining Defendants then indicated that they adopted the Supplement Objections (doc. no. 246) as their own.

The Court's Proposed Final Jury Instructions currently list the five elements necessary for Plaintiff to prove his malicious prosecution claim. The third element in the Proposed Jury Instruction reads, "[t]he criminal proceeding ended in the Plaintiff's favor." Doc. no. 202, p. 16. The Court's Proposed Final Jury Instructions also instructs that jury, "that the criminal proceeding ended in the Plaintiff's favor[,]" thus, removing the third element from the jury's consideration. Id. at p. 17.

Defendants' Objection contends that merely withdrawing charges does not equate to a Court instruction directing the jury to find that the criminal proceeding ended in the Plaintiff's favor. Defendants further argue that this Court cannot instruct the jury as a matter of law on this point because they have "evidence" to support their belief that the criminal proceeding ended either because of a "compromise" or "mercy."

This Court recognizes the United Court of Appeals for the Third Circuit has concluded that "while a grant of *nolle prosequi* can be sufficient to satisfy the favorable termination requirement for malicious prosecution, not all cases where the prosecutor abandons criminal charges are considered to have terminated favorably." *DiFronzo v. Chiovero*, 406 F. App'x 605, 609 (3d Cir. 2011). More specifically the Court of Appeals has held that, ". . . a malicious prosecution claim cannot be predicated on an underlying criminal proceeding which terminated in a manner not indicative of the innocence of the accused." *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009). As the Court of Appeals for the Third Circuit in *Kossler* further explained:

> A plaintiff may attempt to indicate his innocence by demonstrating that his prior criminal proceeding terminated in one of the following ways:
>
> (a) a discharge by a magistrate at a preliminary hearing, or
> (b) the refusal of a grand jury to indict, or
> (c) the formal abandonment of the proceedings by the public prosecutor, or
> (d) the quashing of an indictment or information, or
> (e) an acquittal, or
> (f) a final order in favor of the accused by a trial or appellate court."
>
> *Id.*

*Donahue*, 280 F.3d at 383 (internal quotation marks and emphasis omitted); *accord Haefner v. Burkey*, 534 Pa. 62, 626 A.2d 519, 521 (1993).

> Based on the foregoing law, Plaintiff here is free to indicate his innocence by demonstrating for the jury that the criminal charges were withdrawn leading to the termination of his criminal proceeding by any one or more of the six ways set forth above. Defendants, however, argue that pursuant to Restatement (second) of Torts, if Plaintiff entered into a "compromise" (he bargained to have the charges withdrawn or prosecution abandoned), if Plaintiff was shown "mercy" (where the "accuser" believes that Plaintiff is guilty but is shown mercy).
>
> The Court notes Defendants' Pretrial Statement (doc. no. 72, p. 4) raises "mercy" as a possible basis for the dismissal of charges and thus, Defendants will be permitted to present evidence of same at the time of trial. (Again, the Court notes that the Exhibit List does not reference an exhibit tending to prove "compromise" or "mercy.") However, following the close of evidence in this case, the Court will determine whether the evidence presented supports a revision to the current Proposed Final Jury Instructions (doc. no. 202) as requested by Defendant.
>
> For these reasons, the Court will defer ruling on Defendants' Objection to the Court's Proposed Final Jury Instructions.

Doc. no. 215, p. 2-3.

The Supplemental Objections, filed on behalf of Defendant Matakovich (doc. no. 246), reiterates that the charges which were indisputably withdrawn, suggests that this Court cannot direct the jury that the withdrawal of the charges equates to a favorable termination of the legal proceedings brought against Plaintiff. Defendant Matakovich argues that the evidence presented to the jury shows that the charges were withdrawn due to "mercy," and this is not the same in the eyes of the law as withdrawing the charges due to a belief in a person's innocence.

In response to this supplemental objection, Plaintiff argues that neither Defendant Matakovich, nor any of the other Defendants, has established that the charges were withdrawn a favor to Plaintiff – *i.e.,* as a mercy.

The Court begins its analysis by first noting that Plaintiff bears the burden of proving all five elements of the malicious prosecution claim he brought against the Defendants. As to the third element – whether the criminal proceeding ended in Plaintiff's favor – during the course of

3

the trial, Plaintiff elicited testimony from Defendant Baker showing that all of the criminal charges brought against him were withdrawn. However, Defendant Baker also testified that the charges were withdrawn as a favor or a mercy to Plaintiff and/or his family. Plaintiff's attorney has also presented evidence that tends to rebut Defendant Baker's testimony that the charges were withdrawn as a favor or mercy.

The Court finds that there is a factual dispute surrounding the withdrawal of the charges brought against Plaintiff, specifically whether the charges were withdrawn for the reasons advanced by Plaintiff, or whether they were withdrawn for the reasons set forth by Defendants. The issue as to why the charges were withdrawn is a question for the jury. The jury will need to make credibility determinations with regard as to why the criminal charges brought against Plaintiff were withdrawn.

Accordingly, the Defendants' prior (collective) objection, and now Defendant Matakovich's Supplemental Objection, that this Court provide jury instructions as to the third element of the malicious prosecution claim will be sustained.

In addition, Defendant Matakovich's Supplemental Objection noted that each Defendant was sued individually and not as part of a conspiracy. Defendant Matakovich urges that the wording of the malicious prosecution claim be refined so as to enable the jury to determine whether each Defendant, individually, can be held liable for malicious prosecution. The Court will sustain this objection. However, the Court will also incorporate Plaintiff's proposed instruction (taken from doc. no. 164, incorrectly identified by Plaintiff as doc. no. 160) as requested by Plaintiff in his Response to Defendant Matakovich's Supplemental Objections. See doc. no. 250.

Based on the above, the Court concludes that it will instruct the jury as follows:

**Malicious Prosecution**

The Plaintiff claims that one or more of the Defendants violated the Plaintiff's Fourth Amendment rights by initiating the prosecution of the Plaintiff for the crimes of: aggravated assault, disorderly conduct, obstruction of the law, resisting arrest, and riot.

A Defendant may be found liable for malicious prosecution if he influenced or participated in the decision to institute criminal proceedings.

To establish this claim of malicious prosecution, the Plaintiff must prove the following five things by a preponderance of the evidence against each Defendant:

First: That the Defendant initiated the criminal proceeding against the Plaintiff.

Second: That the Defendant lacked probable cause to initiate the proceeding.

Third: The criminal proceeding ended in the Plaintiff's favor.

Fourth: That the Defendant acted maliciously or for a purpose other than bringing the Plaintiff to justice.

Fifth: As a consequence of the proceeding, the Plaintiff suffered a significant deprivation of liberty.

In this case, the first and fifth of these issues are not in dispute: the Defendants admit that a criminal proceeding was initiated; and I instruct you that the Plaintiff suffered a deprivation of liberty consistent with the concept of seizure.

As to the second element of the Plaintiff's malicious prosecution claim, the Plaintiff must prove that one or more of the Defendants lacked probable cause to initiate the proceeding. To determine whether probable cause existed, you should consider whether the facts and circumstances available to the Defendants would warrant a prudent person in believing that the Plaintiff had committed the crimes of: (1) Aggravated Assault; (2) Disorderly Conduct; (3) Obstruction of Law; (4) Resisting Arrest; and/or (5) Riot.

As to the third element of the Plaintiff's malicious prosecution claim, the Plaintiff must prove that the criminal charges brought against him were disposed of in a manner that indicates his innocence. Here there is no dispute that the criminal charges brought against Plaintiff were withdrawn. However, you must decide if the withdrawal of those charges

was due to the Plaintiff's innocence with respect to those charges or if those charges were withdrawn as an act of mercy.

As to the fourth element of the malicious prosecution claim, the Plaintiff must prove that in initiating the proceeding, one or more of the Defendants acted out of spite, or that one or more of the Defendants did not himself believe that the proceeding was proper, or that one or more of the Defendants initiated the proceeding for a purpose unrelated to bringing the Plaintiff to justice.

All remaining objections raised by Defendant Matakovich's Supplemental Objections (doc. no. 246) are overruled.

/s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Counsel of Record